

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 2, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. WW-696

Re: Correct meaning of
"self contained units"
as used in excise tax
imposed upon sales
of air conditioners
by Article 20.01, Sec-
tion 1, Chapter 20,
H.B. 11, 3rd C.S.
56th Leg.

Dear Mr. Calvert:

We quote from your opinion request as follows:

"House Bill No. 11, the tax bill of the
3rd Special Session of the 56th Legislature,
Chapter 20 in Sub-Sec. 1 of Article 20.01 de-
fines air conditioners. We quote the defini-
tion:

"'"Air conditioner" shall mean any self-
contained unit, apparatus or device commonly
known, sold and used as an air conditioner and
shall include any instrument, apparatus, or
mechanical contrivance designed, constructed,
or assembled as part of any such self-contained
unit, apparatus or device to cool or assist in
the cooling of air in any manner. The term "air
conditioner" shall also include all sub-assemblies,
devices or instruments commonly used in conjunc-
tion with any such other apparatus, device, sub-
assembly or instrument, which when combined or
connected as a functioning self-contained unit,
apparatus or device will constitute an air con-
ditioner. The term air conditioner, however,
shall not include a buzz fan or any other appara-
tus, device or system designed and used only to
circulate or move air, except when the same is a
functioning part of a larger unit defined herein
as an air conditioner.'

"We are having some difficulty in finding the
correct application or meaning of "self contained
units." The tax levied on air conditioning units

is found in Article 20.01 of this act.

"Is the tax levied by this Article limited to self contained units?  If so, does the self contained units include duct work, cooling towers, thermostats, heat pumps and the like?

"One dealer has set out a detailed list of units or combination of equipment that is sold by his customers.  It would be helpful if you would examine this attached list and answer my questions in light of the questions submitted by this tax payer."

The common or ordinary meaning of the term "self-contained" is reflected by the following definition taken from Webster's new *International Dictionary* (2nd. Ed.):

"Sufficient in itself...........
Mach.  Having all the essential working parts connected by a bedplate or framework, or contained in a case, etc., so that the mutual relations of the parts do not depend upon fastenings outside of the machine itself."

"Self-contained", as applied to an air conditioning unit also has an established meaning in the air conditioning industry:

"A Self-Contained Air-Conditioning or Cooling Unit is one in which a condensing unit is combined in the same cabinet with the other functional elements.  Self-contained air-conditioning units are classified according to the method of rejecting condenser heat (water-cooled, air-cooled, and evaporatively cooled), method of introducing ventilation air (no ventilation, ventilation by drawing air from outdoors, ventilation by exhausting room air to the outdoors, or ventilation by a combination of the last two methods), and method of dis charging air to the room (free delivery or pressure type)."
*Heating, Ventilating, Air-conditioning Guide*, 1959, Published by American Society of Heating and Air Conditioning Engineers, Ch. 16, p. 223.

The federal government is apparently the only other taxing authority to levy an excise tax on self-contained air conditioning units.  26 U.S.C.A. Sec. 4111 (I.R.C. 1954) contains the following language:

"................

Items taxable at 10%:

"Self-contained air-conditioning units."

No further definition or explanation is given in the federal statute, but the term "self-contained" has, through departmental construction, been given a definition substantially in accord with the trade meaning.[1]

From the foregoing discussion, and in view of the canon of statutory construction embodied in Art. 10, Sec. 1, V.A.C.S., that "words connected with a particular trade. . . shall have the signification attached to them by experts in such art or trade. . . .", it appears that the term "self-contained" has a meaning that is clear and unambiguous.

It is clear that the term "air conditioner" is modified by the term "self-contained" in the definition set forth in Art. 20.01 of H.B. 11. [2]   It follows that the air conditioners

---

[1] "The type of self-contained air-conditioning unit subject to tax under Code Sec. 4111 includes a unit, whether a factory made encased assembly or one sold for assembly upon installation, primarily designed for free delivery of air and for installation in a window or in front of a window or other opening which (1) contains means for moving outside air through its condenser, (2) includes means for cooling, dehumidifying, and circulating the air of a room; and (3) has a total motor horsepower of less than 1 horsepower for motor-driven compressor types, or, in the case of absorption types, a total cooling capacity of less than 10,000 b.t.u.'s per hour at standard American Society of Refrigerating Engineers test conditions as set forth in ASRE Circular No. 16, dated June, 1940. The horsepower rating assigned or designated by a manufacturer of a particular motor compressor or conditioning unit is conclusive. (Rev. Rul. 54-462, 1954-2 CB 410, as clarified by Rev. Rul. 57-459, I.R.B. 1957-42, 68 superseding S.T. 934, 1948-2 CB 180)." The horsepower test in the foregoing definition was ruled invalid as being an excession of the administrative power of the Revenue Department. Cory Corp. v. Sauber, 59-1 U.S.T.C.; Federal Excise Tax Reports Sec. 15,242, CCH; --F 2d---. It can be seen that with the elimination of the horsepower requirements, the construction is in substantial accord with the trade definitions. A recent revision of the quoted ruling by the Revenue Department, the citation of which is at present unavailable, relates the construction and the trade meaning even more closely.

[2] It is significant to note that in the three sentence definition, the term self-contained appears no less than 3 times.

taxable under Art. 20.01 are limited to "self-contained units", as that term is defined above. To elucidate, all air conditioners in which all instruments and/or equipment necessary to the ordinary air conditioning function (i.e. the cooling of air) are combined on one bedplate or assembly, or in one encasement, are taxable. Also, all instruments, devices, assemblies, or equipment sold or designed for use in a self-contained air conditioner are taxable under the Act. (To hold otherwise would open the door to fraud and evasion of the tax). Size or horsepower of the unit is not important, nor is the manner in which it cools the air.[3]

The term "air conditioner" does not include duct work, which serves only to deliver the cooled air. Separate thermostats are not included, but thermostats attached to and a part of a self-contained unit should be considered a part of the unit for the purpose of taxation. From the technical data studied in connection with this opinion, it appears that cooling towers serve only to eliminate waste of water used in the air conditioning process, and are not "self-contained" within the unit; under this state of facts, such towers are not taxable. (It should be noted that the foregoing equipment, though located separately, will not keep a unit from being self-contained).

Rather than to discuss each instrument or device individually, we are returning the list forwarded to us, with an indication of the items considered taxable under the principles advanced above.

An additional query has been propounded concerning whether the "prime contractor" or "sub-contractor" is required to account to the State for taxes on air conditioners installed in new buildings pursuant to construction contracts. The Act contemplates that the tax shall be paid by the "user" and collected and accounted for by the "retailer."

"Retailer" is defined as follows:

" . . . . . .

"(c) 'Retailer' shall mean and include every person in this State who manufactures, produces, or in any other manner acquires or possesses any of the items taxable under this Chapter for the purpose of

---

[3]It should be noted that the air conditioner must cool the air as opposed to merely moving or circulating the air.

making a resale, distribution, or use of the same
in this State to the user; and it shall also in-
clude every person in this State who ships, trans-
ports or imports into this State any item taxable
under this Chapter and makes the first distribu-
tion of, use by, or sale to the user of same in
this State."

"User" is defined as follows:

". . . . .

"(p)  'User' shall mean and include every per-
son who purchases, uses or acquires in any other
manner any item taxable under this Chapter for his
own use in Texas and who does not purchase or acquire
same for the purpose of resale."

"Use" is defined as follows:

"(n)  'Use' shall mean the keeping or retention
in this State of any item taxable under this Chapter
by the user, or the exercise of any right or power
over any such item incident to the ownership thereof.
The term 'use' shall not include the storing, keep-
ing, or retention of items taxable under this Chapter
in any place of business where such items are sold,
or offered for sale, or demonstrated for sale in the
regular course of business conducted at such places,
nor shall the said term include items taxable under
this Chapter which are crated and stored in Texas
for sale and delivery outside the State of Texas."

As between the prime and the sub-contractor, the sub-
contractor is the "retailer". Upon installation in the build-
ing, the air-conditioner loses its identity as such. The prime
contractor exercises all incidents of ownership over the house,
and, consequently, the air conditioner. The prime contractor
does not store, keep or retain the conditioner in any place of
business where such items are sold, offered for sale, or
demonstrated in the regular course of business. Therefore,
having made the "use" contemplated by paragraph (n) above, the
prime contractor is a "user" as defined in paragraph (p).
It is immaterial that the building is subsequently sold. In
making such a sale, the prime contractor is not dealing with
the air conditioner separately within the contemplation of Art.
20.01 of H.B. 11. Therefore, you are advised that the sub-
contractor makes the "retail sale" to the prime contractor,
who has the duty of paying the tax; in turn the sub-contractor
must collect and account for the tax to the State.

## SUMMARY

The air conditioners taxed under the definition contained in Art. 20.01 of H.B. 11, 3rd C.S. 56th Leg. are limited to "self-contained" units, and include all devices, instruments, assemblies or sub-assemblies which comprise, or which are sold or designed to be used in such a unit.

In cases of building construction contracts, the prime contractor is liable for the tax, and the sub-contractor has the duty of collecting the tax and accounting to the State.

Yours very truly,

WILL WILSON
Attorney General of Texas


By s/Jack N. Price
    Jack N. Price
    Assistant

JNP:cm:wc

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

J.C. Davis
James R. Irion
Marvin R. Thomas, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert